# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1639

_____

North Dakota Retail Association; North Dakota Petroleum Marketers Association; Corner Post, Inc.

*Plaintiff - Appellant*

v.

Board of Governors, of the Federal Reserve System

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: August 5, 2024
Filed: August 21, 2024
[Published]

_____

Before SMITH, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Corner Post, Inc.—a truck stop and convenience store—opened for business in March 2018 and immediately began accepting debit cards for payment. In 2021, it joined a pending lawsuit by two North Dakota associations against the Board of Governors of the Federal Reserve System. The plaintiffs made a facial challenge to

the Board's Regulation II, under the Administrative Procedures Act, 5 U.S.C. § 704. *See* Regulation II, Debit Card Interchange Fees and Routing, 76 Fed. Reg. 43,394, 43,420 (July 20, 2011). They alleged that the debit-card transaction fees under Regulation II (a maximum interchange fee of 21 cents per debit-card transaction and an ad valorem allowance of 0.05 percent of the transaction) were arbitrary and capricious, contrary to the APA, and violated the Durbin Amendment to the Dodd-Frank Act of 2010.

The Board moved to dismiss based on the statute of limitations. Under 28 U.S.C. § 2401(a), a complaint against the United States must be "filed within six years after the right of action first accrues." The district court dismissed the suit, finding that the statute of limitations on Corner Post's facial claims began to run with the publication of Regulation II in 2011. *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 2022 WL 909317, *8 (D.N.D. Mar. 11, 2022). On appeal, this court affirmed, holding that "when plaintiffs bring a facial challenge to a final agency action, the right of action accrues, and the limitations period begins to run, upon publication of the regulation." *North Dakota Retail Ass'n v. Bd. of Governors of Fed. Reserve Sys.*, 55 F.4th 634, 641 (8th Cir. 2022).

On appeal, the Supreme Court reversed this court's judgment and remanded for further proceedings, holding that Corner Post's claims were not time-barred as they accrued at the time of injury, not at the issuance of the regulation. *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 144 S. Ct. 2440, 2460 (2024). "An APA claim does not accrue for purposes of § 2401(a)'s 6-year statute of limitations until the plaintiff is injured by final agency action. Because Corner Post filed suit within six years of its injury, § 2401(a) did not bar its challenge to Regulation II." *Id.*

In accordance with the Supreme Court's decision, this court's opinion of December 14, 2022 is vacated, and this case remanded to the district court for further proceedings.

_____